IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLORIA M. ORTIZ MARTINEZ<br><br>Plaintiff<br><br>v.<br><br>ATLANTIS HEALTH CARE INC.<br><br>Defendant | CIVIL NO.  15-1869<br><br><br>Disability Discrimination<br><br><br>TRIAL BY JURY |

**COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff, Gloria Ortiz-Martinez through the undersigned attorney, very respectfully states and prays:

**NATURE OF THE ACTION AND JURISDICTION**

1. The instant action is brought pursuant to the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act (hereinafter "ADA" and "ADAA", respectively). 42 USCA, 12101 et seq., 12203, Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq., 794 ("RA"); Puerto Rico's Law No. 115 of December 20, 1991, as amended, seeking compensatory, double and punitive damages, back pay, equitable and injunctive relief to seek redress for defendants' discrimination on the basis of disability.

2. This Honorable Court has jurisdiction to entertain this action pursuant to the Equal Opportunities for Individuals with Disabilities Act, 42 U.S.C. § 12101, 12117, 12133, 12188, 12203, et seq., and under ADA, 28 U.S.C. § 1331 and 1343(a)(4). Its supplemental jurisdiction is also invoked pursuant to 28 U.S.C. 1367(a) to hear the  Commonwealth law claims because these are so related to the other claims as to which this court has jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(B)(1) and (2), because the defendant reside in Puerto Rico and all the discriminatory employment practices alleged herein were committed within the judicial district comprising the Commonwealth of Puerto Rico.

4. Plaintiff, Ortiz-Martinez filed a timely charge of employment discrimination of the basis of disability with the Equal Employment Opportunity commission (hereinafter "EEOC").  On March 31, 2015, a Notice of Right to Sue was issued by the EEOC, and was received by plaintiff on April 6, 2015.

5. The instant complaint is being filed within 90 days of Ortiz-Martinez' receipt of the Right to Sue letter.

## PARTIES

6. Plaintiff, Gloria Ortiz-Martinez is a citizen of the United States and a resident of Mayaguez, Puerto Rico.

7. Ortiz-Martinez commenced working for Atlantis Health Care Inc. ( hereinafter "Atlantis") on March 31, 2015.

8. Ortiz-Martinez position was Social Worker.

9. Atlantis is a corporation within the Commonwealth of Puerto Rico with the capacity to sue and be sued.

10. At all times relevant herein, Atlantis has been Ortiz-Martinez's employer under the federal and local statues under which she claims relief.

## RELEVANT FACTS

11. Plaintiff Gloria Ortiz-Martinez is of legal age and resident of Mayaguez, Puerto Rico.

12. Plaintiff Ortiz-Martinez has always performed her duties in an excellent manner.

13. Plaintiff Ortiz has a Maters Degree in Social work from the University of the East.

14. She is a registered Permanent Social Worker with a licence issued by the State Department of the Commonwealth of Puerto Rico, licence number 10092.

15. After signing her contract on June 12, 2014 plaintiff began working on June 16, 2014.

16. Defendant is a corporation that provides service to patients with disabilities that require dialysis.

17. On July 2014 plaintiff was asked to prepare some referrals for service and treatment of patients that were under the care of defendant Atlantis. For this purpose a form was given to plaintiff and she was asked to make all the determination and the referrals to medical doctors. Plaintiff noticed that the form although it had no information as to the patient, his condition and reason for referral, it was already signed by the medical doctor working for defendant Atlantis.

18. Plaintiff requested a meeting with Ms. Beatriz Roman the Director of the Department of Social Works and told her that it was not proper for her to make the determination as to the medical conditions and reasons for referral, medical treatment or service that the patient is to receive and that those forms were blank but they had the signature of the doctor working for defendant Atlantis.  Ms. Roman told plaintiff, that was something that has always been done at Atlantis in order to accelerate the procedure which benefits the patients because the attending physician was not always

available and his unavailability would delay the treatment that the patient needed. Ms. Roman told plaintiff that there was nothing wrong with this, that this is the way that it has always been done.

19. Plaintiff responded that she could not make referrals to doctors under no conditions because she was not a doctor and that she was not going to work on referral forms that were already signed. That she could refer the patient to the medical doctor working for Atlantis so the he could evaluate the patient and make the proper referral so that the patient can receive the proper treatment under the instructions of a medical doctor. Ms Beatriz Roman told plaintiff that this was the way it has always been done and that if plaintiff was not willing to prepare the referral in that manner that would bring her problems with Atlantis.

20. This practice clearly affected the well being of patients and is not the proper way to provide services to patients with disabilities as are all the patients receiving dialysis treatment. This practice is clearly illegal because the doctor that signed the referral had made no diagnosis as to the patient's medical condition.

21. By objecting and opposing defendants illegal conduct plaintiff engaged in a protected activity under the provisions of ADA, ADAA and Rehabilitation Act.

22. On August 2014, Ms. Esther Irizarry, Manager of the Atlantis Clinic in San German, Puerto Rico told plaintiff that she was to coordinate the transportation of some patients that were to receive dialysis, but the referrals were to be done through a company or organization called Puerto Rico Renal Support that this organization was a branch or part of Atlantis, but that they were going to see that the service of transportation be given by an organization named Puerto Rico Kidney Foundation. Plaintiff told Ms. Esther

       Irizarry to double-check this because plaintiff had done volunteer service to the Puerto Rico Kidney Foundation and she new that they did not have the capacity to provide transportation for dialysis patients. Plaintiff told Irizarry that she would call the Puerto Rico Kidney Foundation to verify if they were now providing this service with the Puerto Rico Renal Support.

23. Later that day or the next day Ms. Beatriz Ramos called plaintiff and told her that the way in which Ms. Esther Irizarry instructed her as to the transportation service and documents were to be filled in relation to dialysis patients was the proper way, and it was the way they had always done it and that was not illegal. Plaintiff told Ms. Ramos that she had called the Puerto Rico Kidney Foundation as she had previously informed Ms. Irizarry and that they had informed her that they didn't provide patient transportation service and as far as they knew the Puerto Rico Renal Support was an non-existent organization. For this reason plaintiff told Ms. Ramos that she could not comply with the instructions given to her by Ms. Irizarry since this could seriously affect the well being of patients that were being served by defendant Atlantis.

24. On August 19, 2014 plaintiff had a meeting with Beatriz Ramos related to the medical referral and the transportation coordination and she reiterate to her that she would not do such things because it was her understanding that this procedure was illegal. This meeting was held at the Atlantis Health Care office in the City of Dorado, Puerto Rico.

25. On August 25, 2014 Ms. Beatriz Ramos called plaintiff to a meeting with Ms. Esther Irizarry. At this meeting plaintiff was informed by Ms. Ramos that she had not approved her probationary period and that she was terminated effective immediately. Plaintiff asked how could this be if her probationary

26. period ended on September 13, 2014 and that she had not received a job evaluation as to her performance. Ms. Ramos replied that she didn't have to give plaintiff any explanation and that she was an employee that didn't know how to work in a team for the benefit of the company.

26. Plaintiff asked Ms. Beatriz Ramos if she was referring to the fact that she was not willing to make the transportation referrals and prepare the medical referrals that were already signed by a medical doctor and Ms. Ramos reiterated to plaintiff that this was the way they conducted there business, that it was not illegal and that they weren't going to change the ways they worked because of plaintiff.

27. The only and real reason for plaintiffs termination was her objection and opposition to defendant's illegal conduct which affected the well being of patients with disabilities.

## FIRST CAUSE OF ACTION
### (Discrimination under the ADA and ADAA)

28. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

29. Atlantis created a hostile work environment predicated on Ortiz' objection and oppositions of unlawful practice by defendant Atlantis in violation of ADAA.

30. As a result of Atlantis' discriminatory practices, Ortiz-Martinez has suffered emotional damages, for which defendant is fully liable.

31. Ortiz-Martinez is entitled to compensation for each and every damage proximately caused by Atlantis's unlawful conduct.

32. When defendant retaliated and coerced plaintiff for engaging in a protected

conduct as is her objections and oppositions to an unlawful practice by defendants Atlantis, this caused plaintiff suffering and emotional damages. These damages are reasonably estimated in the amount of $250,000.00.

## SECOND CAUSE OF ACTION
### (Punitive Damages Under ADAA)

33. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

34. Atlantis's discriminatory practices against Ortiz-Martinez were malicious and/or carried with reckless indifference towards Ortiz's rights protected under federal and state law.

35. Defendant's discriminatory conduct constitutes a wanton and reckless disregard and deliberate indifference to Ortiz's rights and as a result thereof, Atlantis is liable to Ortiz for punitive damages which are reasonably estimated in the amount of $250,000.00.

## THIRD CAUSE OF ACTION
## REHABILITATION ACT

36. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

37. Defendants, who receive federal funds, discriminated against plaintiff by retaliating and coercing plaintiff when they dismissed her which consequence was her loss of income and her right to legally and honestly earn a living in clear violation of the dispositions of the Rehabilitation, Act 29 U.S.C. § 794.

38. As a direct and proximate result of this intentional violation of plaintiff's rights under the Rehabilitation Act by the Defendants, Plaintiff has suffered damages, and loss of enjoyment of life. Plaintiff claims no less than

$250,000.00 for the damages suffered on account of defendant's illegal and discriminatory conduct.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination under Law No. 115)

39. Plaintiff repeats and realleges each and every preceding allegation as if fully set herein.

40. Atlantis's conduct constitutes a violation of Law No. 115.

41. Defendants are jointly liable to Ortiz-Martinez for double the compensatory damages proximately caused to Ortiz as a result of their discrimination on the basis of disability.

## FIFTH CAUSE OF ACTION
### (Attorneys Fees and Prejudgment Interest)

42. Plaintiff repeats and realleges each and every preceding allegation as is fully set herein.

43. Defendant is liable to Ortiz for attorneys fees under the ADAA, the Rehabilitation Act and under Law No. 115 and prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## TRIAL BY JURY

44. Plaintiff Ortiz-Martinez demands that the instant action be tried before a jury.

**WHEREFORE**, premises considered, plaintiff prays from this Honorable Court for the following relief:

a. An order instructing defendant to cease and desist of any further discriminatory conduct against plaintiff Ortiz:

b. Compensatory damages in an amount not less than $250,000.00, per cause of action;

c. Lost benefits, both past and future;

d. Punitive damages in an amount not less than $250,000.00;

e. An award of double compensatory damages pursuant to Puerto Rico Laws No. 115.

f. An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements;

g. Prejudgment Interests; and,

f. Any other relief which this Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In Aguadilla, Puerto Rico, this 26 day of June, 2015.

*S/ Israel Roldan-Gonzalez*
**ISRAEL ROLDAN GONZALEZ
USDC-PR NO. 115602
Attorney for Plaintiff
49 Betances Street
Aguadilla, P. R. 00603
Tel. (787) 89l-l359
Fax. (787) 882-5000
irg@roldanlawpr.com**